**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-6125**

———————————

ROBERT PEOPLES,

        Plaintiff - Appellant,

    v.

MICHAEL CANTY, Sergeant, Lieber Correctional Institution, in
individual capacity,

        Defendant - Appellee,

    and

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; JEAN RANDAL, IGC,
Lieber Correctional Institution,

        Defendants.

———————————

**No. 09-6955**

———————————

ROBERT PEOPLES,

        Plaintiff - Appellant,

    v.

SERGEANT MICHAEL CANTY, Lieber Correctional Institution, all
individual capacities; SOUTH CAROLINA DEPARTMENT OF
CORRECTIONS; JEAN RANDAL, IGC, Lieber Correctional
Institution,

        Defendants - Appellees.

———————————

Appeals from the United States District Court for the District of South Carolina, at Anderson. Cameron McGowan Currie, District Judge. (8:07-cv-03475-CMC)

---

Submitted: October 1, 2009          Decided: December 31, 2009

---

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Robert Peoples, Appellant Pro Se. Andrew Todd Darwin, Ginger Goforth, HOLCOMBE, BOMAR, GUNN & BRADFORD, PA, Spartanburg, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Peoples seeks to appeal three rulings entered in his civil action filed pursuant to 42 U.S.C. § 1983 (2006). We dismiss the appeals for lack of jurisdiction.

In No. 09-6125, Peoples seeks to appeal the order denying his motion for reconsideration of an order denying his motion for default judgment against Michael Canty. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order Peoples seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. See In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005); see also Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). Accordingly, we dismiss the appeal in No. 09-6125 for lack of jurisdiction.

Turning to No. 09-6955, Peoples seeks to appeal (1) the district court's judgment dismissing with prejudice his claims against Canty and Randal and dismissing without prejudice his claims against the South Carolina Department of Corrections, and (2) the district court's order denying Peoples' motion for a new trial or to alter or amend the judgment. In civil cases where neither the United States or its officer or agency is a party, a notice of appeal must be filed no more than thirty days

3

after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); accord Bowles v. Russell, 551 U.S. 205, 214 (2007).

In this case, the final judgment was entered on January 26, 2009. However, Peoples' motion for a new trial or to alter or amend the judgment, filed within ten days of the January 26, 2009 judgment, stayed the appeal period. The district court denied the motion on February 26, 2009. Because the United States was not a party, Peoples had thirty days to file his notice of appeal. The thirtieth day fell on Saturday, March 28, 2009. Therefore, the appeal period did not expire until Monday, March 30, 2009. See Fed. R. App. P. 26(a)(3). The notice of appeal was filed no earlier than April 30, 2009, beyond the expiration of the appeal period. Because Peoples failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period in No. 09-6955, we dismiss the appeal.

We deny Peoples' motions for appointment of counsel. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED